UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RODNEY A. CAMPBELL, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:26-cv-00152-HEA |
| ST. CHARLES COUNTY JAIL, et al., | ) ) ) |
| Defendants. | ) ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on self-represented Plaintiff Rodney A. Campbell's Application to Proceed in District Court Without Prepaying Fees or Costs. Based on Plaintiff's financial information, the Court assesses an initial partial filing fee of $1.00. On initial review, the Court dismisses this action for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

### Background

Plaintiff has filed 13 actions in this Court since December 8, 2025, the majority of which have been filed against St. Charles County or the St. Charles County Jail. *See Campbell v. St. Charles Cnty. Jail*, No. 4:25-cv-1784-JMB (E.D. Mo. filed Dec. 8, 2025); *Campbell v. St. Charles Cnty. Jail*, No. 4:25-cv-1902-ACL (E.D. Mo. filed Dec. 29, 2025); *Campbell v. Unknown,* No. 4:26-cv-24-JMD (E.D. Mo. Jan. 5, 2026); *Campbell v. St. Clair Cnty. Jail*, No. 4:26-cv-65-MTS (E.D. Mo.

filed Jan. 15, 2026); *Campbell v. St. Charles Cnty. Jail*, No. 4:26-cv-89-MAL (E.D. Mo. filed Jan. 21, 2026); *Campbell v. St. Charles Cnty. Jail*, No. 4:26-cv-152-HEA (E.D. Mo. filed Feb. 2, 2026); *Campbell v. Madison Cnty. Jail*, No. 4:26-cv-158-JSD (E.D. Mo. filed Feb. 2, 2026); *Campbell v. St. Charles Cnty., Mo.*, No. 4:26-cv-162-AGF (E.D. Mo. Feb. 2, 2026); *Campbell v. Madison Cnty. Jail*, No. 4:26-cv-165-RHH (E.D. Mo. filed Feb. 2, 2026); *Campbell v. Johnson,* No. 4:26-cv-203-NCC (E.D. Mo. filed Feb. 6, 2026); *Campbell v. St. Charles Cnty. Jail*, No. 4:26-cv-205-SRC (E.D. Mo. filed Feb. 9, 2026); *Campbell v. State of Mo.*, No. 4:26-cv-239-CDP (E.D. Mo. filed Feb. 17, 2026); *Campbell v. St. Charles Cnty. Jail*, No. 4:26-cv-241-ZMB (E.D. Mo. filed Feb. 17, 2026).

**Initial Partial Filing Fee**

A prisoner bringing a civil action is required to pay the full amount of the filing fee. 28 U.S.C. § 1915(b)(1). If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20% of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner must make monthly payments of 20% of the preceding month's income credited to the prisoner's account. *Id.* § 1915(b)(2). The agency having custody of the prisoner will forward the monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has not submitted an inmate account statement as required by 28 U.S.C. § 1915(a)(2). After reviewing the information contained in his application, the Court will assess an initial partial filing fee of $1.00. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (a court may assess an initial partial filing fee "that is reasonable, based on whatever information the court has about the prisoner's finances"). If Plaintiff is unable to pay the initial partial filing fee, he must submit a copy of his inmate account statement in support of his claim.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous or malicious, or if it fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. §1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. "Determining whether a complaint states a plausible claim for relief" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. The Court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016); *see also Brown v. Green Tree Servicing LLC*, 820 F.3d 371,

372-73 (8th Cir. 2016) (court not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under 28 U.S.C. § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  A "liberal construction" means that, "if the essence of an allegation is discernible . . . then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)).

## The Amended Complaint

Plaintiff brings this prisoner civil rights action against the St. Charles County Jail and the State of Missouri.  He alleges he is being held without bond in an underlying criminal action, *State v. Campbell*, No. 2611-CR00317 (11th Jud. Cir. filed Jan. 29, 2026).  He claims the charges are fraudulent and the bond hearing did not take place.  He claims this criminal action is in retaliation for his filing several federal lawsuits.

He alleges he suffers migraines, nausea, and mental and physical abuse arising out of Defendants' conduct.  He seeks up to $15 million for his lost time and physical and mental damage.

## Discussion

As a threshold matter, a review of the Missouri state court docketing system, Missouri Case.net, shows that Plaintiff is currently being held in the St. Charles County Jail awaiting trial in two felony criminal cases.[1] In the first, *State v. Campbell*, No. 2311-CR03364-01 (11th Jud. Cir. filed Aug. 29, 2023), Plaintiff was charged with felony harassment in violation of Missouri Revised Statute § 565.090. Plaintiff has several motions to dismiss pending in this criminal action.

In the second, the case at issue here, *State v. Campbell*, No. 2611-CR00317, the state charged Plaintiff with being a fugitive from out-of-state. The state court record reflects that Plaintiff was arraigned on January 20, 2026. He appeared via video, entered a plea of not guilty, and was denied bond. *Id.* (filed Jan. 30, 2026).

Plaintiff's factual allegations are contradicted by the docket in the state court proceedings. But, even assuming all his allegations are true, he has not stated a plausible cause of action under 42 U.S.C. § 1983 because neither the St. Charles County Jail nor the State of Missouri are subject to suit. The St. Charles County Jail is a county jail, and "county jails are not legal entities amenable to suit." *Owens v. Scott Cty. Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003); *see also Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992). For this reason, the Court dismisses Plaintiff's claims brought against the St. Charles County Jail.

---

[1] The Court takes judicial notice of these public state records. *See Levy v. Ohl,* 477 F.3d 988, 991 (8th Cir. 2007) (explaining that district court may take judicial notice of public state records).

Additionally, Plaintiff's claim against the State of Missouri must be dismissed for failure to state a claim. "Section 1983 provides for an action against a 'person' for a violation, under color of law, of another's civil rights." *McLean v. Gordon*, 548 F.3d 613, 618 (8th Cir. 2008). However, "neither a State nor its officials acting in their official capacity are 'persons' under § 1983." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *see also Calzone v. Hawley*, 866 F.3d 866, 872 (8th Cir. 2017). Moreover, the Eleventh Amendment bars suit against a state or its agencies for any kind of relief, not merely monetary damages. *Monroe v. Arkansas State Univ.*, 495 F.3d 591, 594 (8th Cir. 2007). For these reasons, the Court dismisses Plaintiff's claims brought against the State of Missouri.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs is **GRANTED**. (Doc. 3)

**IT IS FURTHER ORDERED** that Plaintiff must pay an initial filing fee of $1.00 within 30 days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include on it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that Plaintiff's claims brought against Defendants the St. Charles County Jail and the State of Missouri are **DISMISSED** without prejudice.

An Order of Dismissal will accompany this Opinion, Memorandum and Order.

Dated this 18th day of February, 2026.

———————————————
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE